J^FITZSIMMONS, J.
Thyssen Dover Elevator (Thyssen) appeals a workers’ compensation court judgment awarding David Bordelon (Bordelon) workers’ compensation benefits. Following review of the record and applicable law, this court affirms.

BACKGROUND

Bordelon, an elevator installer, began working for Thyssen in May 1983. He possessed a history of back “flare-ups,” which he described as arthritis and for which, as early as January 2000, a family practitioner, Dr. Wayne Gravois, had pre *750 scribed an anti-inflammatory. In April 2000, Bordelon went to Gidden Medical Clinic for “slight to moderate” back problems. He was, thereafter, treated by Dr. Gravois on two occasions for low back, hip, and thigh symptoms. Additionally, in the beginning of January 2001, Bordelon requested a refill of the anti-inflammatory prescription.
In his workers’ compensation claim, Bordelon alleges that he suffered two injuries while at work. He testified that on January 18, 2001, he experienced a sharp pain and injury while pulling a “gang box” at work. He did not report the incident to his supervisor, and he returned to work. Bordelon privately received some physical therapy between January and May 2001. In March 2001, Dr. Charles Kaufman, a neurologist, evaluated Bordelon for “severe pain in his back, right hip, and right thigh radiating to his knee for the past 10-11 months.” Dr. Kaufman interpreted an MRI, dated February 2, 2001, to indicate a herniated disc compressing the right L4 nerve root. Following two steroid injections by Dr. Alan J. Ostrowe, Bordelon felt almost pain-free, and he elected not to take the planned third injection.
Bordelon did not tell Dr. Gravois or Dr. Kaufman that he had hurt himself on the job. He admitted at trial that he was aware of Thyssen’s policy directing an employee to report to his supervisor-if hurt on the job. Bordelon testified that he [3had not reported the incident because he thought his back would heal, as had other flare-ups in the past. He never missed work as a result of his symptoms.
On May 16, 2001, Bordelon experienced an acute pain on the job while installing a car header that weighed between 100 and 200 pounds. He described the pain as worse than he had previously experienced. He was unable to continue his duties at work as he had done in the past. Dr. Ostrowe performed an epidural steroid injection at the L5/S1 interspace. For the first time, Bordelon’s symptoms did not improve. Instead, the intensity of the pain worsened, especially in his leg. The pain radiated anteriorly, and to some degree medially, along the thigh. Bordelon related that he was not able to “walk, stand or sit for any extended periods of time.”
Dr. Kaufman referred Bordelon to Dr. Horace Mitchell, a neurosurgeon. On June 5, 2001, Dr. Mitchell diagnosed “severe radiculopathy secondary to the disc herniation ....” A follow-up MRI demonstrated “continued L4-L5 foraminal disc rupture.” On June 7, 2001, Dr. Horace Mitchell performed a lumbar discectomy. Bordelon returned to work at Thyssen in October 2001, and he was employed there at the time of the trial on May 30, 2002.

THE LAW

The workers’ compensation court found that Bordelon sustained two work-related accidents that resulted in temporary total disability. Where an employee seeks workers’ compensation benefits on the basis of temporary total disability, the employee bears the burden of proving such disability by clear and convincing evidence. La. R.S. 23:1221(l)(c). The question of disability ultimately presents a factual determination. LeBlanc v. Cajun Painting Inc., 94-1609, p. 10 (La.App. 1 Cir. 4/7/95), 654 So.2d 800, 807, writs denied, 95-1706 (La.10/27/95), 661 So.2d 1349 and 95-1655 (La.10/27/95), 661 So.2d 1350. A workers’ compensation judge’s finding of fact may not be set aside on appeal in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Thomas v. Tony’s Seafood, Ltd., 633 So.2d 675, 677 (La.App. 1st Cir.1993), writ denied, 94-0223 (La.3/18/94), 634 So.2d 856.
*751 In the instant case, although Bordelon sustained a work-related injury on January 18, 2001, he elected not to seek workers’ compensation coverage. Instead, he independently sought medical treatment for the pain. Notwithstanding the results of an MRI test demonstrating the existence of a herniated disc, Bordelon was able to continue to work at his employment without any interruption. However, following a second incident on May 16, 2001, steroid treatments failed to alleviate the pain, which Bordelon described as more severe than in the past. The second MRI revealed “continued L4-L5 foraminal disc rupture.”
The evidence presented in the record does not undermine the workers’ compensation court finding that the May 16 accident exacerbated the previous condition of a herniated disc. Dr. Mitchell stated that he premised his decision to operate on the initial MRI of February 2001 and the extent of Bordelon’s exacerbated symptoms in May 2001. Moreover, the workers’ compensation judge emphasized that she found the claimant to be particularly credible. Such determinations of whether a claimant’s testimony is credible and whether he has satisfied his burden of proof are factual conclusions that will not be disturbed upon review absent manifest error.
In the instant case, we do not construe the documents or objective evidence to contradict the witness’s testimony to the extent of manifest or clear error. Rosell, 549 So.2d at 844, 845. There is no evidence that Bordelon intentionally withheld the history of his January 2001 accident from his physicians or employer, and the lack of interruption of work lends credence to Bordelon’s statement that he assumed that the flare-up in pain was of a relatively minor nature. In this regard, the work-related activity is not required to be the sole cause of the disability. LeBlanc, 94-1609, at p. 10, 654 So.2d at 806. Additionally, the consequences of a work-related disability are not always fully apparent at the time of the accident. LeBlanc, 94-1609, at p. 10, 654 So.2d at 806-807.
Given the particular facts of this case and the workers’ compensation judge’s express recognition of Bordelon’s credibility, Bordelon’s failure to relate to his employer or doctor in January 2001 that he had incurred an injury to his back should not preclude his entitlement to workers’ compensation following the second exacerbating incident. Accordingly, the decision of the workers’ compensation judge is hereby affirmed. All costs associated with this appeal are assessed to Thyssen Dover Elevator.
AFFIRMED.